IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

TRACY GARY SHANNON FORBES,

    Petitioner,

v.

BRAD CAIN,

    Respondent.

No. 2:16-cv-2076-SU

OPINION AND ORDER

MOSMAN, J.,

On November 9, 2017, Magistrate Judge Patricia Sullivan issued her Findings and Recommendation ("F&R") [36], recommending that I DENY Mr. Forbes's Petition for Writ of Habeas Corpus [3]. Judge Sullivan also recommended that I decline to issue a Certificate of Appealability because Mr. Forbes has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Mr. Forbes objected [38, 40, 41[1]] to the F&R, and Mr. Cain responded [39].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

---

[1] The Court construes Mr. Forbes's Motion to Dismiss Brief and Findings and Recommendation as, in part, additional objections to the F&R.

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Sullivan's recommendation and ADOPT the F&R [36] as my own opinion. Mr. Forbes's contention that his "legal assistant in the Legal Library at SRCI" told him he could not file his memorandum supporting his habeas petition until after the Court ruled on his objection to Mr. Cain's request for an addition extension of time does not excuse his failure to file his brief. *See, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) (stating a "pro se petitioner's lack of legal sophistication is not, by itself" a justification for missing a deadline). Moreover, petitioner's failure to file his supporting brief did not affect the analysis of his petition. His claims fail because they are procedurally defaulted and, in the alternative, because his counsel's performance did not fall below an objective standard of reasonableness at the time of Mr. Forbes's trial.

///

///

///

///

///

Mr. Forbes's Petition for Writ of Habeas Corpus [3] is DENIED. In addition, I decline to issue a Certificate of Appealability because Mr. Forbes has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 18 day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge